```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

CHUKWUMA E. AZUBUKO,               )
          Plaintiff,               )
                                   ) Civil Action: 04-12690-NMG
     v.                            )
                                   )
THE EDUCATIONAL RESOURCES          )
INSTITUTE, ET AL.,                 )
          Defendants.              )
_____  )
```

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed.

BACKGROUND

On September 8, 2004, plaintiff Chukwuma E. Azubuko, an enjoined litigant, filed in the United States District Court for the Eastern District of Louisiana, a virtually incoherent complaint against various Massachusetts defendants, over the non-payment of a student loan.  See Azubuko v. The Educational Resources Institute (TERI), et al., Civil Action No. 04-2480, section T(5).  The Report and Recommendation by the Magistrate Judge in the Eastern District suggested that the action was filed because plaintiff was aggrieved by the course of litigation in the Massachusetts state courts. The magistrate judge further found venue was improper in that District, and recommended the transfer to this District.  See Report and Recommendation, Docket No. 2 dated September 23, 2004).  Over objection by the plaintiff, the recommendation was adopted and

the case was transferred to this District, on December 15, 2004. See Order, Docket No. 5.

## DISCUSSION

I.  Plaintiff has a substantial history of vexatious and frivolous litigation

Plaintiff has a lengthy history of frivolous litigation in this and other courts. These filings are outlined in detail in Judge Saris's Memorandum and Order in Azubuko v. Commonwealth Auction Association, 03mc10053-PBS, (12/17/03(#3)), and Azubuko v. National Magazine Exchange, 03mc10063-PBS (12/17/03(#2)).

Since that time, plaintiff has filed additional cases in this District and others, and the Court's records indicate that plaintiff has filed at least twenty-two (22) cases under the name Chukwu Azubuko (or Chukwuma Azubuko) and eleven (11) cases under the name Azubuko Chukwu in this District, as well thirty actions in other courts[1].

On September 6, 1995, Chief Judge William G. Young entered an Order ("Order") in Chukwu v. Registry of Motor Vehicles, et al., C.A. No. 95-11661-WGY, dismissing the action

---

[1] Several other courts have recognized plaintiff's extensive litigation history and some have also imposed filing restrictions on plaintiff. The list of cases is detailed in Judge Saris's Memorandum and Order and need not be reiterated here.

for failure to state a claim and ordering the clerk not to accept for filing any further documents tendered *pro se* by plaintiff unless certain conditions were met. See Docket No. 13 (9/6/95 Order), No. 95-11661-WGY.

Additionally, on March 31, 2004, Chief Judge Young ordered that plaintiff pay to the Board of Bar Overseers $500 for its litigation efforts in Azubuko v. Board of Bar Overseers of the Supreme Judicial Court, C.A. 04-10192-WGY. He further ordered a $5,000 monetary sanction against the plaintiff in light of his propensity to file frivolous lawsuits. The sanction was suspended, however, until such time as plaintiff was found to have filed another frivolous suit, in any federal court.

II. Plaintiff's filing violates the Order.

Pursuant to the Order, the Clerk was directed not to accept for filing any further documents of the plaintiff unless 1) the document was accompanied by a motion seeking leave of court to file same; and (2) a judge of the court granted plaintiff leave to file the document. Absent compliance, the Clerk was to return the document to plaintiff.

Here, plaintiff has not complied with the conditions imposed in the Order. He has not sought, nor has he obtained, leave to file this complaint. Instead, he filed the case in

3

the Eastern District of Louisiana as a means to pursue the litigation and circumvent the Order, notwithstanding that his complaint involves Massachusetts defendants and alleged transactions or occurrences in Massachusetts.  Clearly, in view of plaintiff's prior litigation history and Judge Saris's Orders[2], he was aware that the Eastern District of Louisiana was not the appropriate forum for this dispute.  The only logical inference which can be drawn by institution of this suit in that district, was that plaintiff, in bad-faith, was flouting the Order[3]. Such conduct by a *pro se* litigant cannot be tolerated by this Court.

---

[2] Plaintiff has previously been warned by this Court that compliance with Chief Judge Young's 1995 Order was a requisite, notwithstanding actions may have been filed in another District. See Azubuku v. Commonwealth Auction Association, 03mc10053-PBS (Memorandum and Order dated 12/17/03 (#3))("If plaintiff wishes to proceed with any of these actions, his motion seeking leave must contain a certification under oath that there is a good faith basis for their filing").

[3] This is not the first time he has attempted to circumvent the Order. Recently, plaintiff filed cases in the Districts of Florida and Georgia, which also involve disputes in Massachusetts and have been transferred to this District. See Azubuko v. The Educational Resources Institute, Inc., et al., C.A. No. 04-12690-NMG (filed in Eastern District of Louisiana and transferred 12/27/04)(suit also names University of Massachusetts, Massachusetts Boston Municipal Court, and Massachusetts Appeals Court); and Azubuko v. Urban Property Management, et al., C.A. No. 05-10066-GAO (filed in the District of Florida and transferred to this Court 1/10/05)(suit for forceful eviction).

III.     <u>Sanctions against plaintiff are warranted</u>

Based on the above, this Court finds plaintiff's action to be in violation of Chief Judge Young's Order, and directs that this action shall be dismissed in its entirety, with prejudice, pursuant to the Court's inherent power to impose sanctions for abuse of the judicial system.  <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 49 (1991).

Because Chief Judge Young has already imposed a monetary sanction, and because Judge Zobel plans to hold a hearing for the plaintiff to show cause why he should not be held in contempt of Court, no further sanctions will be imposed at this time.

## CONCLUSION

In light of the above, it is hereby ORDERED that plaintiff's complaint is dismissed in its entirety, with prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>21st</u> day of <u>February</u>, 2005.

<u>/s/ Nathaniel M. Gorton</u>
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE