UNITED STATES' DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
CLERKS OFFICE

CIVIL ACTION NUMBER
04-2480

2005 MAR 12: 36

U.S. DISTRICT COURT
DISTRICT OF MASS

AZUBUKO -
   Plaintiff

vs.

THE EDUCATIONAL RESOURCES
INSTITUTE, ET AL. -
   Defendants

**PLAINTIFF'S MOTION FOR RESUMPTION OF JURISDICTION**

These would be the bases for the head:

01)   The Plaintiff had received the Massachusetts' Court laughable verdict on the above-captioned case dated February 21st, 2005. By and large, the Plaintiff protested against the transfer of the case. The judgment was perfunctory, indeed! The Plaintiff requested for jury trial and it was trivialized. The transfer of the case qualified for negligence and exposure of the Plaintiff to injury of law. The Plaintiff needed no prophets to know that. [28 USC Sections 1346(b) and 1357] The so-called verdict was not even signed by the presiding Judge. What would convince a reasonable and prudent person to conclude that Judge Gorton heard the case? Certainly, nothing at all! The tongue of dogs resembled the tongue of a human being as the saying went! If the Court wanted to read about the ruling, the Court could contact the Court it transferred the case to.

02)   Perfunctory examination of the *ratio-decidendi* revealed that the ruling markedly deviated from the law characteristically. It hinged on feelings and not thinkings. One good thing about it was that the Plaintiff was not responsible for the loan. The Plaintiff acted in conformity with the *Uniform Commercial Code* 3-604 and *Massachusetts' General Law* Chapter 106: Section 3-604 – " Dicharge by Cancellation or

Renunciation." "Cheaters or killers of others should allow their siblings to live like others." [Proverb]

03)     The case should not have been transferred. The Court had jurisdiction. More, venue was super central to the *general venue* statute of the anti-trust law. [15 USC Sections 4, 9 and 22] In the case of *Miller and Pearce, Jr. v. Asensio & Asensio & Company, Inc.* (S.C.D No. 2:99-1861-18, the excerpt read:

> "When venue is challenged, it is the plaintiff's burden to prove that venue is proper in the forum state …" *Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F.Supp. 306, 316 (D.S.C. 1992). In discharging this burden, Plaintiffs may assert that venue is proper by employing the general venue statute and the special venue provisions of the SEA of 1934." *See Snyder v. Eastern Auto Distribs., Inc.*, 357 F.2d 552, 553 (4th Cir. 1966) (holding that the general venue statute supplemented a special venue statute); *Magic Toyota, Inc.*, 784 F. Supp. at 316-20 (analyzing the issue of venue under both the applicable general and special statute provisions); 15 Charles Alan Wright et al., Federal Practice & Procedure Section 3803, at 10-11 (2d ed. 1986) ("A special venue statute, expressly covering venue of a particular kind of action, will control over the general venue statutes, but provisions in the general venue statutes are read as supplementing the special statute in the absence of contradictory restrictive indications in the special statute."). However, before the court turns to the merits of whether Plaintiffs have established that venue is proper in this district, this court must first consider whether Defendants waived their right to challenge venue in this district."

04)     Reiteratively, the 11th Circuit in the case of *Baltin v. Alaron Trading Corp.* No. 96-5123 spelt out [the] courts' bases for exercise of jurisdiction. The excerpt read thus:

> "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. Section 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a). *See Klein v. Drexel Burnham Lambert*, 737 F.Supp. 319, 323 n. 11 (E.D.Pa. 1990). In this case, the district court did not have any of the three types of subject matter jurisdiction."

## CONCLUSION

Undoubtedly, Massachusetts' Court characteristically wobbled over the Plaintiff's cases. Therefore, it would not be crassly unintelligent for the Court to act in keeping with the head. It was akin to a wo/man who elected to forget a seed of her/his womb. The world had been likened to paw-paw - when it fell on the ground it broke - all things being equal.

Respectfully submitted from Boston, Massachusetts on Monday – March 7th – 2005.

_____
CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

## CERTIFICATE OF SERVICE

The Plaintiff did not serve a copy of the head to the Defendants. A copy would served to the Massachusetts' District Court.

_____
CHUKWUMA E. AZUBUKO,
Pro Se.